UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:07-cr--00041 |
| Plaintiff, ) | |
| ) | JUDGE ANN ALDRICH |
| v. ) | |
| ) | |
| FRANK WILLIAMS, ) | |
| ) | |
| Defendant. ) | MEMORANDUM AND ORDER |
| ) | |
| ) | |

On December 21, 2006, defendant Frank Williams ("Williams") was arrested by Officers Kenneth Allen ("Allen") and Ronald Clayton ("Clayton") of the Cleveland Police Department ("CPD"). On January 17, 2007, a grand jury indicted Williams for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Williams moved to suppress all physical evidence and statements obtained by the police as a result of the search and seizure on the grounds that Officers Allen and Clayton lacked probable cause. For the reasons set forth below, the court grants Williams' motion to suppress.

**I. BACKGROUND**

**A. The Facts According to Officers Allen and Clayton**

According to Officers Allen and Clayton, the house at 12826 Marston Avenue in Cleveland, Ohio (the "Marston House") is a known drug house. At approximately 2:30 a.m. on December 21, 2006, the Officers were conducting surveillance of the Marston House from a patrol vehicle that they parked approximately 500 feet away. From the patrol vehicle, the Officers observed Williams park a white 1993 Nissan Stanza in front of the Marston House and enter the house for a brief period. As Williams exited the Marston House and returned to his vehicle, the Officers began driving their patrol vehicle towards Williams. Without using his turn signal, Williams pulled his vehicle out from the parking spot

and in front of the patrol vehicle. Once Williams pulled in front of the patrol vehicle without using his turn signal, Officers Allen and Clayton activated the patrol vehicle's lights and siren, but Williams did not immediately pull over. Instead, he kept driving at a slow speed while making furtive movements under his seat. Williams stopped his vehicle at 12809 Marston Avenue, three houses down the street from the Marston House. Williams tried to exit his vehicle, but was ordered at gunpoint to remain inside. Although he possessed a valid driver's licence, Williams did not have a license on his person. Williams was cited for various traffic violations.[1] Williams also had a crack pipe on his person that the Officers discovered during a pat-down. A gun was later discovered during an inventory search of the vehicle. The CPD had Parma Towing, Inc. tow Williams' vehicle from its parking spot in front of 12809 Marston Avenue. Williams admitted to possessing the firearm while in custody.

**B. The Facts According to Williams**

Williams and Ronald Tyree arrived at the house after midnight on December 21, 2006. Tyree parked the car and the two entered the house. After approximately 90 minutes, Williams left the house alone.

After entering his vehicle, Williams heard a tap at the window and was ordered by the Officers to exit with his hands up. He was told that he was being stopped because he was seen exiting a known drug house. He was never cited for a traffic violation. He watched as his vehicle was towed from its spot in front of 12826 Marston Avenue.

---

[1] Among other things, Williams was cited for "Change of Course," a violation of Cleveland Municipal Ordinance 431.13: "Starting and Backing Vehicles."

-2-

**C. Evidentiary Hearing**

On February 20, 2009, this court held an evidentiary hearing concerning Williams' motion. Officers Allen and Clayton testified as to their version of the facts, and Williams testified concerning his version of the facts. Defense investigator Herman Ramos ("Ramos") testified that the house at 12809 Marston Avenue is three houses down the street from the Marston House. In addition, he testified that he obtained the impound worksheet for vehicles towed by the CPD and a document entitled "Vehicle/Tow Supplement" from Parma Towing, Inc.. Both documents indicate that Williams' vehicle was towed from 12826 Marston Avenue. In addition, Heather Allen ("Allen"), custodian of records for Parma Towing, Inc., testified that the "Vehicle/Tow Supplement" is a record maintained by Parma Towing, Inc. in the ordinary course of business. That document, filled out by Officer Clayton, indicates that the car was towed from the Marston House, not 12809 Marston Avenue as the Officers now claim. The driver of the tow truck signed the document as verification fo the truthfulness of the information contained in the document. A statement above the driver's signature reads: "CERTIFICATION: I hereby certify that the information in this form has been dilligently [sic] reviewed and that this information accurately reflects the identification and condition of the motor vehicle listed above and that the receipt of this vehicle and the above listed property is hereby acknowledged."

**II. LEGAL STANDARD**

The Fourth Amendment states: "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . ." U.S. CONST. amend. IV. The United States Supreme Court has applied the Fourth Amendment to traffic stops as follows:

> Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a "seizure" of "persons" within the meaning of this provision. An automobile stop is thus subject to the constitutional imperative that it not be "unreasonable" under the circumstances. As a general matter, the decision to stop

>an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."

*Whren v. United States*, 517 U.S. 806, 809-10 (1996); *see also United States v. Freeman*, 209 F.3d 464, 466 (6th Cir. 2000) (citing *United States v. Ferguson*, 8 F.3d 385, 391 (6th Cir. 1993)) ("[S]o long as the officer has probable cause to believe that a traffic violation has occurred or was occurring, the resulting stop is not unlawful."). The government bears the burden of proving probable cause. *Terry v. Ohio*, 392 U.S. 1 (1968). If the government does not meet its burden, any evidence that was recovered as a result of an unlawful seizure must be suppressed. *See Wong Sun v. United States*, 371 U.S. 471, 491-92 (1963) (recognizing that evidence seized based upon an illegal seizure is subject to the fruit of the poisonous tree doctrine, and may be suppressed).

## III. ANALYSIS

The primary justification proffered by the government for William's seizure is the alleged traffic violation. Williams, however, contends that no traffic violation occurred. Thus, this court must determine whether a traffic violation occurred on the morning of December 21, 2006.

Considering the totality of the circumstances, this court finds that the evidence presented at the February 23, 2009 hearing establishes that no traffic violation occurred. Officers Allen and Clayton presented consistent testimony that Williams pulled away from the curb at 12826 Marston Avenue without using his turn signal, evaded police while making furtive movements, and finally pulled over at 12809 Marston Avenue. Williams testified that he did not move his vehicle from its location at 12826 Marston Avenue. All documents relating to the towing of the vehicle show that the vehicle was towed from 12826 Marston Avenue. This documentation was filled out by Officer Clayton himself and verified by the tow truck driver. The testimony of Ramos and Allen corroborated Williams' assertion that the car was parked at and towed from 12826 Marston Avenue. The officers' testimony contradicts all of the other evidence before this court. The government has offered no evidence to reconcile this

-4-

inconsistency in the officers' testimony.[2] This court, therefore, finds that Officer Allen and Clayton's testimony is not credible and finds that no traffic violation occurred on the night of December 21, 2009. Officers Allen and Clayton, therefore, did not have probable cause to seize Williams.

The government also argues that, if this court finds that the purported traffic violation did not give rise to probable cause, Officer Allen and Clayton still had probable cause because they observed Williams enter a known drug house for five or ten minutes at approximately 2:30 a.m.. Citing *Ornelas v. United States*, 517 U.S. 690 (1996), the government argues that Officers Allen and Clayton had probable cause to believe that the defendant purchased drugs based on their observations. Williams, however, testified that he was in the house for approximately one and one-half hours. This court has already determined that the testimony offered by Officers Allen and Clayton is not credible, and, as a result, this court finds that Williams was inside the house at 12826 Marston Avenue for approximately one and one-half hours. A visit to a home lasting one and one-half hours is consistent with any number of legal activities, even at odd hours of the night and in an unsavory neighborhood. Thus, Officers Allen and Clayton did not have probable cause to seize Williams based upon his entrance into the house for "a short while" at 2:30 a.m. on December 21, 2006.

Because the government has articulated no other basis for the officers to have believed a crime had been or was being committed in their presence, the seizure of Williams was unlawful. Any evidence that was seized or subsequently obtained as a result of Williams' unlawful seizure must be suppressed.

---

[2] In a post-hearing affidavit, Officer Clayton stated that he wrote the 12826 Marston Avenue address on the form because of his "familiar[ity] with that address based on the high volume of criminal activity related to that property and because [he and Officer Allen] were conducting surveillance on that property that night/early morning." [Doc. No. 51-2.] This testimony, however, is not credible in light of the tow truck driver's signature verifying the 12826 Marston Avenue address. The government did not offer any evidence explaining why the tow truck driver verified the address as 12826 Marston Avenue and not 12809 Marston Avenue.

**VI .CONCLUSION**

For the reasons set forth above, Williams' motion to suppress the evidence is granted. The court sets a new trial date for <u>Monday, May 11, 2009 at 1:30 p.m.</u> Proposed voir dire and jury instructions due one week prior to trial date.

IT IS SO ORDERED.

                                           */s/ Ann Aldrich*
                                           ANN ALDRICH
                                           UNITED STATES DISTRICT JUDGE

**Dated: April 8, 2009**